

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

ENTERED
10/26/2009

| | | |
|---|---|---|
| In Re: | § | |
| | § | Case No. 09-20644 |
| EDGE PETROLEUM CORP., et al., | § | Jointly Administered |
| | § | Chapter 11 |
| Debtors. | § | |

### ORDER PURSUANT TO BANKRUPTCY CODE SECTIONS 327(A) AND 328(A) AUTHORIZING EMPLOYMENT AND RETENTION OF PARKMAN WHALING LLC AS FINANCIAL ADVISOR FOR DEBTORS IN POSSESSION

Upon the Application Pursuant to Bankruptcy Code Sections 327(a) and 328(a) for an Order Authorizing the Employment and Retention of Parkman Whaling LLC as Financial Advisor for the Debtors in Possession (the "Application") filed by the above-captioned debtors and debtors in possession (the "Debtors"), and the Court having jurisdiction to consider the Application, having heard the evidence and statements of counsel regarding the Application, and finding that no further notice is needed, it is therefore

**ORDERED**, that the Application is GRANTED; and it is further

**ORDERED**, all capitalized terms not defined herein shall have the meaning given to them in the Motion; and it is further

**ORDERED**, that pursuant to Bankruptcy Code sections 327(a) and 328(a) and Bankruptcy Rule 2014, the Debtors are hereby authorized and empowered to employ and retain Parkman Whaling as their financial advisor on the terms set forth in the Agreement and this Order, and such retention is hereby approved; and it is further

**ORDERED**, that Parkman Whaling shall be compensated in accordance with the terms described in the Engagement Letter pursuant to the standard of review under Bankruptcy Code

section 328(a) and not subject to review under Bankruptcy Code section 330, provided, however, that such compensation shall be subject to the approval of the Court, any order established in these chapter 11 cases setting forth procedures for interim compensation, the Bankruptcy Code, the Bankruptcy Rules, the Local Rules, and further orders of this Court; and it is further

**ORDERED**, that, notwithstanding anything to the contrary in the Bankruptcy Code, The Bankruptcy Rules, the Local Rules, orders of this Court, or the United States Trustee Guidelines or any other guidelines regarding submission and approval of fee applications, in light of the services to be provided by Parkman Whaling and the structure of Parkman Whaling's compensation pursuant to the Engagement Letter, Parkman Whaling and its professionals shall be excused from any requirement to maintain time records, provided, however, that, at the Court's request, Parkman Whaling shall instead present to the Court records (in summary format) that contain reasonably detailed descriptions of those services provided to the Debtors, the approximate time expended in providing those services and the individuals who provided professional services; and it is further

**ORDERED**, that the Debtor, its officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein; and it is further

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order; and it is further

**ORDERED**, that to the extent that there may be any inconsistency between the terms of the Application, the Engagement Agreement and this Order, the terms of this Order shall govern.

DATED: October 26, 2009

_____
**UNITED STATES BANKRUPTCY JUDGE**