IN THE UNITED STATES BANKRUPTCY COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| **In Re:** | § | |
| | § | **Case No. 09-20644** |
| **EDGE PETROLEUM CORP., et al.,** | § | **Jointly Administered** |
| | § | **Chapter 11** |
| **Debtors.** | § | |

### ORDER AUTHORIZING THE DEBTORS TO ADOPT AND IMPLEMENT INCENTIVE PLANS FOR EMPLOYEES
(Docket No. ___ )

Upon the Debtors' Motion for an Order Authorizing the Debtors to Adopt and Implement Incentive Plans for Employees (the "Motion") filed by the above-captioned debtors and debtors in possession (the "Debtors"), and the Bank Agent having agreed that the Incentive Plans are important to ensure that the Employees remain with the Debtors during the sale process and agreeing that up to $1.8 million may be used to fund the Incentive Plans, and the Court having jurisdiction to consider the Motion, having heard the evidence and statements of counsel regarding the Motion, and finding that no further notice is needed, it is therefore

**ORDERED**, that the Motion is GRANTED; and it is further

**ORDERED**, all capitalized terms not defined herein shall have the meaning given to them in the Motion; and it is further

**ORDERED**, that the Debtors are authorized to implement the following Incentive Plans:

- Each of the Debtors' Employees[1] who continue to be employed by the Debtors on the effective date of the Debtors' plan of reorganization (the

---

[1] Certain of the Debtors' Employees are prohibited from participating in the proposed Incentive Plans unless and until they agree to waive any administrative claims against the Debtors' estates for amounts that would otherwise be payable pursuant to the proposed Incentive Plans in the event that the Bank Agent withdraws its support. These Employees include John Elias, John Tugwell, Gary Pittman, Howard Creasey, Robert Thomas, Kirsten Hink, and Richard Parma.

"Effective Date")[2] will be entitled to receive an incentive bonus[3] for assisting in the successful closing of the sale.

- To the extent that an Employee is not employed by the Debtors on the Effective Date, the Debtors may, after consultation with the United States Trustee for the Southern District of Texas (the "U.S. Trustee"), the Bank Agent and any official committee that may be appointed in these cases, reallocate such funds among the Employees.

- To the extent an Employee will not be employed by the successful bidder in a capacity and with a level of compensation and responsibility that is greater than or equal to that of his or her current employment, such Employee will be entitled to collect a severance payment (each, a "Severance Payment"), which payment will be a function of the payment such Employee would have been entitled to received under the pre-petition Severance Agreements.

- To the extent that an Employee will be employed in a capacity and with a level of compensation and responsibility that is greater than or equal to that of his or her current employment, such Employee's Severance Payment may be allocated by the Debtors, after consultation with the U.S. Trustee, the Bank Agent and any official committee that may be appointed in this case, among the Employees.

- The aggregate cost of the Incentive Plans shall not exceed $1.8 million;

and it is further

**ORDERED**, that payments made under the Incentive Plans are in complete satisfaction of and in lieu of any severance, incentive, change of control, or other payments that an Employee may otherwise allegedly be due and owing under the pre-petition Retention Plan and/or the Severance Agreements; and it is further

---

[2] Pursuant to the Plan, the Effective Date is to occur simultaneously with the closing of the sale of the Equity Interests, or such other sale of substantially all of the Debtors' assets pursuant to a higher and better offer.

[3] Any such incentive payment will also take into account payments made to Employees pre-petition to encourage such Employees to remain with the Debtors.

**ORDERED**, that the Debtors, their officers, employees and agents, are authorized to take or refrain from taking such acts as are necessary and appropriate to implement and effectuate the relief granted herein; and it is further

**ORDERED**, that this Court shall retain jurisdiction over all matters arising from or related to the interpretation and implementation of this Order.

DATED: _____, 2009.

_____
**UNITED STATES BANKRUPTCY JUDGE**